JOSEPH STEIDL, Plaintiff in Error, *vs.* CHRIS. LINK *et al.* Defendants in Error.

*Opinion filed October 28, 1910.*

BOUNDARIES—*parties who agree upon a disputed boundary line are estopped to deny it.* Where the owners of adjoining lands agree upon a boundary line which is in dispute between them, and one party, without objection from the other, erects a building upon such line in accordance with the agreement, the other party is estopped to afterwards repudiate his agreement and assert rights contrary thereto.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. W. B. SCHOLFIELD, Judge, presiding.

FRANK T. O'HAIR, and JAMES K. LAUHER, for plaintiff in error.

HENRY A. NEAL, and JOSEPH E. DYAS, for defendants in error.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

Joseph Steidl is the owner of out-lot No. 70 in the city of Paris, Edgar county, Illinois, on which he resides and carries on a retail grocery business. Said lot is improved with a two-story and basement brick residence, a store-house and a barn. Immediately north of lot 70 is located out-lot 69, and east of lot 70 is lot 72. Between lots 70

and 69, running east and west, there was for a number of years an alleyway about fifteen feet wide, which was used in common by the owners of lots 69 and 70, and the public generally, for a passway from Main street on the west, on which these lots faced, to Connelly street, which is east of lot 72. The alley between lots 69 and 70 had a wooden fence on both sides of it, extending from Main street on the west to the lot line between lot 72 and lots 69 and 70. Lot 72 was unimproved, and for a number of years persons going through the alley would pass over lot 72 from Connelly street to the eastern end of the alley, or in going from Main street they would pass through the alley between lots 69 and 70 and then cross open lot 72 to Connelly street. Lots 69 and 72 are owned by Chris Link and W. A. Link and are in the possession of Walter and John Logan as tenants of the owners, all of whom were made defendants to this suit. Some time during the year 1907 the owners of lot 69 constructed a frame lumber shed, the south line of which extended over about seven or eight feet of the alleyway between lots 69 and 70. The erection of said structure seriously interfered with Steidl's going to and from his barn, which was located on the north-east corner of lot 70 and near said alley, and with the use of said alley for other purposes in connection with lot 70. Steidl, claiming that he had an easement in said alleyway by open and adverse use for more than twenty years, filed a bill in the Edgar county circuit court against the owners of lots 69 and 72 and their tenants for a mandatory injunction to compel the removal of the lumber shed from said alley and to quiet Steidl's title to said easement. The defendants below answered the bill, in which they deny that the complainant had any title or right to the continued use of said alleyway, based upon adverse use or otherwise. The answer set up that whatever use the complainant had made of said alleyway was merely permissive and in common with other persons who desired to use such alleyway, and

that such usage was not based upon any claim of right
whatever. The answer also set up and relied upon an es-
toppel, which it is claimed grows out of an agreement or
understanding between the complainant and defendants as
to the location of the line between lots 69 and 70 a short
time before the lumber shed was erected. The circuit court
entered a decree dismissing the bill for want of equity, and
Steidl has sued out a writ of error from this court to ob-
tain a review of the decree below.

The only question that we find it necessary to pass upon
is the one raised by the answer of defendant in error re-
specting the application of the doctrine of equitable estop-
pel to the facts disclosed by this record.

It appears that prior to the erection of the lumber shed
a controversy existed between the parties in reference to
the true line between lots 69 and 70. Before the building
was erected defendants in error procured Mr. Dole, a sur-
veyor, to locate the line where the south line of the pro-
posed building was to be placed. Plaintiff in error was
present at the time the survey was being made, and after
the line was located between lots 69 and 70, the surveyor,
at the request of plaintiff in error, measured from the north
the frontage of lot 69, and found that the measurement
went several feet north of the true line between lots 69 and
70. At this point a mark was made upon the walk and a
spike driven. Plaintiff in error and the Links were pres-
ent at the time. The surveyor suggested that a stone or
some permanent monument be put up, and one of the de-
fendants in error remarked that there was no need of put-
ting a stone there,—that the building would be right on
that corner,—and plaintiff in error and one of the Links
then shook hands upon the agreement as to the point for
the erection of the south wall of the building. The sur-
veyor said that was the best way to settle a line that was
in dispute. The surveyor testifies that William Link and
plaintiff in error shook hands in his presence and agreed

upon the line. Chris Link testifies that he was present when the measurement was made and heard the plaintiff in error agree upon the line. Other witnesses say that plaintiff in error said, "I am glad it is settled; I can take my fence down and have a way to get in and out." All of the witnesses who were present, except plaintiff in error, agree that after the measurement was made and the mark was put upon the sidewalk plaintiff in error expressed himself as being satisfied; that he was glad it was settled; that he could move his fence so as to make a way to get to and from his barn, and that he shook hands with William Link after the parties had reached an understanding. The building in question was placed wholly on lot 69 according to the agreed line, and plaintiff in error can still have a passway to his barn eleven and one-half feet in width by moving his fence, as he said he would do at the time the line of the building was agreed upon. The line of the building was placed in accordance with the understanding and agreement of the parties before it was erected.

Where the owners of adjoining lands agree upon a dividing line which is in dispute between them and each party takes possession in accordance with such agreement, neither party can afterwards assert any rights contrary to such agreement. (*LaMont* v. *Dickinson,* 189 Ill. 628.) It would be manifestly inequitable to permit plaintiff in error to repudiate his agreement with reference to the location of this building after defendants in error had expended money in erecting a building upon their lot. Plaintiff in error has no standing in a court of equity to compel the removal of this building, which was erected with his knowledge and consent.

The decree of the circuit court is right and will be affirmed.        *Decree affirmed.*